UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CONSTANCE LORRAINE,<br><br>                    Plaintiff,<br><br>         v.<br><br>NORMAL L. WALLIN, et. al.,<br><br>                    Defendants. | Case No. 3:17-cv-00127-RCJ-WGC<br><br>**ORDER** |

Plaintiff Constance Lorraine filed an application to proceed in forma pauperis (IFP) and pro se complaint in 3:16-cv-00409-MMD-WGC, alleging, in essence, that she was fraudulently induced into a purchasing a vehicle that she advised she could not afford. She filed various motions in that case, including a motion to amend. (*See* 3:16-cv-00409-MMD-WGC, ECF No. 13.) At a January 10, 2017 status conference, the court advised Plaintiff that pursuant to Local Rule 15-1, she had to attach the proposed amended complaint to her motion for leave to amend. (*See* Minutes of Jan. 10, 2017 status conference, 3:16-cv-00409-MMD-WGC, ECF No. 43 at 2.) Therefore, the court denied her motion to amend without prejudice, advising Plaintiff that she could re-file the motion along with a complete copy of the proposed amended complaint. (*Id*.) At that hearing, the court also addressed another motion the Plaintiff had filed, a motion for removal of a state court case proceeding against her by one of the defendants in 3:16-cv-00409-MMD-WGC. (*See* 3:16-cv-00409-MMD-WGC, ECF No. 43 at 2.) The court explained to Plaintiff that a party seeking to remove a case from state court must file a notice of removal as a *new* action in federal court, and not in a pending federal case, as Plaintiff had done. (*Id*.)

On February 1, 2017, Plaintiff filed a notice of removal in 3:16-cv-00409-MMD-WGC, which was stricken by the court because it should have been filed in a new action. (*See* 3:16-cv-00409-MMD-WGC, ECF No. 44.)

On February 28, 2017, Plaintiff filed a new application to proceed IFP and pro se complaint which alleges essentially the same allegations as are pending in the complaint in 3:16-cv-00409-MMD-WGC, but adds Fiat of Reno as a defendant. (3:17-cv-00127-RCJ-WGC, ECF Nos. 1, 1-1.) The court believes that Plaintiff may have been confused about the direction it gave her at the January 10, 2017 status conference, as it appears that the new complaint Plaintiff filed should actually be the proposed amended complaint in 3:16-cv-00409-MMD-WGC, which should have been filed in the 3:16-cv-00409-MMD-WGC case and not as a new action.

The court will issue a separate order directing that the notice of removal filed in 3:16-cv-00409-MMD-WGC be filed in a new action. Insofar as this action, 3:17-cv-00127-RCJ-WGC, is concerned, the court construes the complaint to be Plaintiff's proposed amended complaint in 3:16-cv-00409-MMD-WGC, and directs the **Clerk** to **FILE** the complaint (ECF No. 1-1 in 3:17-cv-00127-RCJ-WGC) in case 3:16-cv-00409-MMD-WGC, removing the 3:17-cv-00127-RCJ-WGC case number and inserting the 3:16-cv-00409-MMD-WGC case number. The court will consider the proposed amended complaint with Plaintiff's previously filed motion to amend, and will issue an order concerning screening and service of the proposed amended complaint in that action in due course.

The pending application to proceed IFP in this action, 3:17-cv-00127-RCJ-WGC is **DENIED AS MOOT**, and the **Clerk** shall **ADMINISTRATIVELY CLOSE** case 3:17-cv-00127-RCJ-WGC.

**IT IS SO ORDERED.**

DATED: March 1, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE